■ AUSTIN C. WILLIAMS, Individually and as Administrator of the Estates of ELIZABETH WILLIAMS and Another, Deceased, Appellant, v BOULEVARD HOSPITAL et al., Defendants, and DAVID MARCUS, Respondent.—In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated September 1, 1977, as, in granting his motion to compel defendant David Marcus to appear and submit to an examination before trial, provided that the examination was to take place 10 days before the trial. Order modified by deleting so much thereof as appears after the words "granted to the extent that", and substituting therefor the following: "there shall be a physical examination of Dr. David Marcus by an impartial medical expert, who is to be chosen by Special Term at the expense of the attorneys for the plaintiff. That medical expert shall determine when Dr. Marcus will be available for examination before trial, and Dr. Marcus shall be ordered to appear for

examination under the controlled conditions and at the time and place and in the manner set forth by Special Term after consultation with that medical expert." As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to the plaintiff, and action remanded to Special Term for the appointment, with all convenient speed, of a medical expert and for further proceedings consistent herewith. The affidavit of defendant's treating physician does not provide an estimate of the length of time that the defendant Dr. David Marcus will be unavailable for examination before trial because of illness. In the light of Dr. Marcus' pivotal role in this case, we think that such an estimate should be made by an impartial medical expert. Hopkins, J. P., Latham, Damiani and Suozzi, JJ., concur.